CHARLES D. SHEPARD, APPELLANT, v. THE GOLD AND STOCK TELEGRAPH COMPANY, RESPONDENT.

*Contract to furnish stock reports—validity of a rule prohibiting subscribers from furnishing copies.*

In an action to restrain the defendant from removing its gold and stock reporting instruments from the plaintiff's place of business, it appeared that the contract under which it was placed in the plaintiff's office provided that "these reports are furnished to subscribers for their private use in their own business exclusively. It is stipulated that such will not sell or give up the copies of the reports, in whole or in part, nor permit any outside party to copy them for use or publication. Under this rule subscription by one party for the benefit of himself and others, at their joint expense, will not be received."

*Held*, that the stipulation was reasonable and did not conflict with any duty owed by the corporation to the public.

That as it appeared that the plaintiff habitually caused the quo' tions received from the defendant to be transmitted by a private wire to another office, the defendant was entitled to remove the instrument.

That its right so to do was not affected by the fact that the plaintiff was interested in business with the firm to which the information was given.

Appeal from an order vacating an injunction restraining the defendant from removing the gold and stock reporting instruments from the rooms of the plaintiff.

*George F. Gardiner*, for the appellant.

*C. W. West*, for the respondent.

DYKMAN, J. :

The object of this action is to restrain the defendant from removing the gold and stock reporting instruments from the plaintiff's place of business, and a preliminary injunction was obtained which did forbid such removal. That order was vacated at Special Term, and we have an appeal from that order. The appeal is without merit. In the contract by which the plaintiff procured the possession of the instruments, the company reserved the unqualified right to discontinue the reports and remove the instruments without notice when they were used in any way which it considered detrimental to its interests. The injunction prohibited

the exercise of the right thus reserved, and was for that reason properly vacated.

The order should be affirmed, with costs and disbursements.

PRATT, J.:

Defendants are a public corporation under obligation to render their services impartially and without discrimination to all persons who comply with their reasonable rules. Yet the contract entered into by the parties is not to be disregarded, and such reasonable stipulations as it contains will be respected and enforced by the court. The contract provides as follows: " These reports are furnished to subscribers for their private use in their own business, exclusively. It is stipulated that such will not sell or give up the copies of the reports in whole or in part, nor permit any outside party to copy them for use or publication. Under this rule subscription by one party for the benefit of himself and others at their joint expense will not be received." The stipulation is reasonable and not in conflict with the duty owed by defendants to the public. The proof shows that plaintiff habitually caused the quotations, when received upon defendant's instrument, to be transmitted by private wire to Lawrence Gross & Co., at 574 Fifth avenue.

Plaintiff seeks to justify this breach of the conditions upon which he received the instrument by alleging that he is interested in business with that firm. We think this affords no justification. If plaintiff, by entering into business relations with another firm, could gain a right to repeat the quotations he might, if diligent, absorb a great share of defendant's business. Plaintiff's attempted justification brings out clearly the reasonableness of the clause in the contract to which we have referred. The violation by plaintiff of the stipulation upon which he received the instrument amply sustains the order vacating the injunction.

Order affirmed, with costs.

Present — PRATT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Order vacating injunction affirmed, with costs.